IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    $10,000.00 SEIZED FROM CAPITAL ONE BANK ACCOUNT NUMBER 36085399634,

    Defendant.

---

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

**JURISDICTION AND VENUE**

1.    The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), seeking forfeiture of defendant properties based on violations of 18 U.S.C. § 641 (theft of government property), and 18 U.S.C. § 1343 (wire fraud). This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 28 U.S.C. § 1395, as some of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

   a. $10,000.00 Seized from Capital One Bank Account Number 336085399634, ("defendant $10,000.00") seized on February 9, 2020, from Capital One Financial Corporation, 10750 Capitol One Drive, Knolls 4, Glen Allen, VA 23060. The account was in the name of Luis R. Almanzar Tapia. Defendant $10,000.00 is currently being held by the United States Secret Service Asset Forfeiture Branch in Washington, D.C.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND INFORMATION

5. On August 10, 2020, the Department of the Treasury's Financial Crimes Enforcement Network, in partnership with the Small Business Administration's (SBA) and the United States Secret Service (USSS), issued an alert, Detection and Mitigation of Paycheck Protection Program and Economic Injury Disaster Loan Fraud, to all financial institutions, including Capital One Financial Corporation (COFC), describing the types of SBA loans Paycheck Protection Program Loan (PPP) and Economic Injury Disaster Loan (EIDL) ineligible uses of the loan, fraud indicators, and guidance for returning funds. The alert included several fraud indicators to assist the financial institution in identifying fraudulent transactions.

6. Reports of individuals submitting fraudulent PPP and EIDL loan applications through the online SBA website utilizing fabricated employment information and/or documentation, or stolen individual and corporate personally identifiable information, were submitted to the USSS by various payment systems.

7. Capital One Financial Corporation identified numerous accounts, including the account defendant $10,000.00 was seized from, that had obtained SBA EIDL funds fraudulently based on the following fraud indicators present in the accounts: (1) Newly created accounts with abnormal transaction activity (little to no prior financial transactions) or existing accounts with no activity in past 24 months prior to SBA deposit; (2) Large SBA loan amounts or deposits with minimal or no other sources of deposits; (3) SBA deposits on behalf of businesses with COFC, who does not offer business accounts; (4) Inability to positively identify account holders (synthetic or unauthorized account); (5) No customer inquiries after funds were frozen; and (6) No proper identification in instances where funds were frozen, followed by a customer inquiry and request for customer identification.

## **CARES ACT**

8. On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, through the SBA which provided emergency assistance to small business owners, including agricultural businesses, and nonprofit organization in all the U.S. states affected by the Coronavirus (COVID-19) pandemic. The two sources of funding for small businesses were the Paycheck Protection Program (PPP) and the Economic Injury Disaster Loans (EIDL).

9. The SBA EIDL program provided small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic. Individuals could apply via SBA's online website for both the EID grant (EIDG) and loans (EIDL). THE EIDG did not require any business documentation and could be approved within 1-3 days. The EIDL loans required minimal documentation and information from small businesses to process the loan for approval.

10. Individuals applying for an EIDL loan would file applications online, via the website and servers belonging to an SBA contractor located in Des Moines, Iowa, in an attempt to obtain SBA EIDL funds. As part of the application process, unknown conspirators designated a financial institution's routing number and account number to direct the stolen funds, one such financial institution being Capital One Bank.

11. Once the SBA EIDL applications were approved, the Small Business Administration's Denver Finance Center[1] with servers located in Denver, Colorado, created payment files and authorized payments of the EIDL funds based on those applications.  This payment file was then transmitted via wire to the U.S. Treasury disbursing office in Kansas City, Missouri, who would, in turn, send instructions for payment of funds to the Federal Reserve Bank ACH processing site in East Rutherford, New Jersey. The Federal Reserve Bank would then send the funds via wire transfer to the recipient's designated bank account.

### Defendant $10,000.00 seized from Capital One Bank Account Number 36085399634

---

[1] Denver Finance Center, OCFO, SBA, 721 19th Street, Suite 373, Denver, CO 80202.

12. On July 7, 2020, a Luis R. Almanzar Tapia applied for an SBA Economic Injury Disaster Loan (EIDL) and Economic Injury Disaster Grant (EIDG).

13. Once SBA receives an application, they automatically fund the applicant with a $10,000 grant or $1,000.00 per each employee the business has up to $10,000.00. As discussed, *supra*, an EIDG did not require any supporting documentation.

14. On July 9, 2020, Mr. Almanzar was funded a $10,000.00 EIDG based on his representation of having ten employees on his loan application ($1,000.00 per employee up to $10,000.00). This grant was distributed to his Capital One Bank Account 36085399634 (#9634).

15. On the SBA EIDL application, Mr. Almanzar was identified as operating a sole-proprietor business, that started in 2018 and was engaged in the business of "Limousine and Transportation." On the application, Mr. Almanzar claimed 100% ownership, with 10 employees, and gross revenues of $98,220.00 for the 12 months prior to the pandemic.

16. Luis Almanzar's request for a SBA EIDL was declined on September 21, 2020.

17. After the decline of Mr. Almanzar's loan, he requested reconsideration. Mr. Almanzar only provided SBA with one page of his return that showed his Schedule C, Profit or Loss From Business (Sole Proprietorship). He did not provide a complete tax return or proof of filing of a tax return. In order to review his request for reconsideration, SBA told him that he would need to provide a complete tax return, a 4506T (allowing SBA to be able to pull his tax transcripts), his ID, and a voided check. Mr. Almanzar did

not provide SBA with the requested information and SBA declined his request for reconsideration.

18. Mr. Almanzar claimed to have 10 employees on his application. The Schedule C that Mr. Almanzar provided to SBA showed a business expense of wages in the amount of $25,000.00 for 2019. This amount, $25,000.00, would be insufficient to support wages for ten employees.

19. The Schedule C also did not show any other expenses to indicate an operating business with employees.

20. On June 28, 2021, USSS Special Agents Benjamin Klappert ("SA Klappert") and Nathalie Mendez ("SA Mendez") made contact with Mr. Almanzar at the phone number that was provided on his claim. Mr. Almanzar spoke English, but requested a Spanish translator. SA Mendez translated the phone call between SA Klappert and Mr. Almanzar. SA Klappert asked Mr. Almanzar if he could provide him with proof of the 10 employees that he stated he had on his SBA application. Mr. Almanzar responded that he needed time to gather the information.

21. On June 30, 2021, SA Klappert tried two more times to contact Mr. Almanzar.

22. On July 12, 2021, SA Mendez tried again to contact Mr. Almanzar. Mr. Almanzar did not answer.

23. To date, Mr. Almanzar has not provided any requested information.

24. There are no business entities registered to Luis R. Almanzar Tapia on the New York Secretary of State website (www.dos.ny.gov).

25. On February 9, 2020, the Secret Service seized $10,000.00 from Capital One Bank Account Number 36085399634 held in the name of Luis R. Almanzar.

## CONCLUSION

26. In summary, there is reasonable cause to believe that defendant $10,000.00 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641 (theft of government funds), and wire fraud provisions of 18 U.S.C. § 1343 et seq. Therefore, defendant $10,000.00 is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

### VERIFICATION OF BENJAMIN KLAPPERT, SPECIAL AGENT, UNITED STATES SECRET SERVICE

I, Special Agent Benjamin Klappert, hereby state and aver under the pains and perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

BENJAMIN R KLAPPERT
Digitally signed by BENJAMIN R KLAPPERT
Date: 2021.07.21 15:37:20 -06'00'
_____
Benjamin Klappert
Special Agent
United States Secret Service

### FIRST CLAIM FOR RELIEF

1. The Plaintiff repeats and incorporates by reference the paragraphs above.

2. By the foregoing and other acts, defendant $10,000.00 Seized from Capital One Bank Account Number 36085399634 constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641. Therefore, defendant $10,000.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

### SECOND CLAIM FOR RELIEF

3. The Plaintiff repeats and incorporates by reference the paragraphs above.

4. By the foregoing and other acts, defendant $10,000.00 Seized from Capital One Bank Account Number 36085399634 constitutes or is derived from proceeds traceable to violations of wire fraud, 18 U.S.C. § 1343. Therefore, defendant $10,000.00 is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED, this 22nd day of July, 2021.

        Respectfully submitted,

        MATTHEW T. KIRSCH
        Acting United States Attorney

By:  *s/ Tonya S. Andrews*
      Tonya S. Andrews
      Assistant United States Attorney
      United States Attorney's Office
      1801 California Street, Suite 1600
      Denver, Colorado 80202
      Telephone: 303-454-0100
      Fax: 303-454-0405
      Email: tonya.andrews@usdoj.gov